# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DARRICK MOORE                *

Petitioner                   *

v                            *           Civil Action No. PWG-13-568

BOBBY SHEARIN, et al.        *

Respondent                   *
                           ***

## MEMORANDUM OPINION

Respondent has answered the petition for writ of habeas corpus (ECF No. 5) and petitioner has filed a Reply (ECF No. 8). After review of these papers, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2011); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow the petition shall be denied.

## Background

Petitioner Darrick Moore ("Moore") was tried and convicted after a jury trial in the Circuit Court for Baltimore City on charges of attempted murder and related offenses. ECF No. 5 at Ex. 1 and 5. He was sentenced to serve 65 years on April 29, 2005. *Id.* Moore filed an appeal to the Maryland Court of Special Appeals and raised four claims:

1. Did the trial court err in unduly limiting Moore's right to cross-examine prosecution witnesses?

2. Did the trial court deprive Moore of his right to move for modification of sentence by pre-judging the merits of any such request?

3. Must Moore's 20 year sentence for burglary, expressly made consecutive to the "sentences previously announced," be made consecutive to the

shortest sentence "previously" announced, 5 years for reckless endangerment?

4. Did the trial court plainly err in failing to correct the prosecutor's misstatement in opening argument that she represented the jurors and her thinly-veiled reference in closing argument to the defendant's failure to testify, and in denying Moore's motion for a new trial based on the prosecutor's arguments?

ECF No. 5 at Ex. 2, p. 3.

In an unreported opinion filed on August 28, 2007, the Court of Special Appeals affirmed Moore's conviction. *Id.* at Ex. 5. Moore filed a self-represented petition for writ of certiorari alleging the Court of Special Appeals erred in holding that the oral pronouncement of his sentence by the trial court was not ambiguous.[1] *Id.* at Ex. 6, p. 1. The Court of Appeals denied certiorari on December 7, 2007. *Id.* at Ex. 7.

On April 30, 2008, Moore filed a petition for post-conviction relief in the Circuit Court for Baltimore City. *Id.* at Ex. 11. In his petition Moore claimed:

1. The oral pronouncement of the sentences imposed upon petitioner, as the transcript reflects, conflicts with the commitment record. Therefore, the sentences are unclear and must be resolved in petitioner's favor;

2. Trial counsel was ineffective for failing to object to an unconstitutional jury instruction on the element of intent thereby depriving petitioner of his 14th Amendment right to Due Process of Law;

3. Trial counsel was ineffective for failing to object to the trial court's failure to explain the difference between circumstantial and direct evidence to the jury;

4. Trial counsel was ineffective for failing to object to the State's improper closing argument vouching for the credibility of witnesses Kevin Edwards and Edward Connelly;

---

[1] Moore claims the sentence was ambiguous because the jury found him not guilty on count one of the indictment ending in 23, but the 20 year sentence imposed for count five in the same indictment was made consecutive to count one. Moore contends this renders the entire oral pronouncement ambiguous, entitling him to a milder penalty. ECF No. 5 at Ex. 6 and ECF No. 8 at pp. 9 – 10.

2

5. Trial counsel was ineffective for failing to object to the prosecutor's thinly veiled reference in closing argument to the petitioner's failure to testify;

6. Trial counsel was ineffective for failing to file a motion for modification timely requested by petitioner;

7. The cumulative effect of counsel's performance resulted in a denial of effective assistance of counsel.

*Id.*, pp. 2 – 3. Post-conviction relief was denied by the Circuit Court on June 26, 2009. *Id.* Moore filed an application for leave to appeal the denial of post-conviction relief with the Maryland Court of Special Appeals, seeking review on the same seven claims raised in the Circuit Court. *Id.* at Ex. 12. The Court of Special Appeals summarily denied Moore's application on June 9, 2010; the mandate issued on July 9, 2010. *Id.* at Ex. 13.

Moore filed a motion to correct illegal sentence on November 3, 2009, *id.* at Ex. 1, p. 11, which was denied on October 22, 2010, *id.* at Ex. 16. Moore appealed the denial of his motion and the Court of Special Appeals affirmed the circuit court's judgment in an unreported opinion dated September 20, 2012. *Id.* Moore sought further review with the Court of Appeals; the court denied certiorari on January 22, 2013. *Id.* at Ex. 18.

### Claims in this Court

Moore raises four claims in his petition for writ of habeas corpus. He asserts he was falsely accused and convicted of a crime he did not commit; blood found on the back door was never subjected to DNA testing; the prosecution improperly vouched for the credibility of witnesses; and the sentence imposed is illegal. ECF No. 1 at pp. 5-6. Moore has waived review of the first three claims raised because they have not been exhausted before the state courts. ECF No. 8 at p. 4. Thus, the only claim for review by this Court is Moore's assertion that his sentence is illegal.

3

## Standard of Review

Under 28 U.S.C. §2254(a) this court may only consider a state prisoner's claim for habeas relief "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (U.S. 2010). Thus, if the petition does not state a federal claim, relief must be denied and the petition dismissed.

## Analysis

The only claim Moore brings before this Court concerns the legality of his sentence. *See* ECF No. 8 at p. 4. Moore was sentenced to a term of twenty-five years for attempted murder and twenty years for a handgun offense. ECF No. 5 at Ex. 16, p. 2. He claims that the construction of his term of incarceration is illegal because of ambiguous language used by the trial judge in imposing his sentences. ECF No. 8.

The charges against Moore were filed in three separate indictments, which were identified during sentencing by the last three numbers assigned to the documents. ECF No. 5 at Ex. 16, p. 2. The indictment ending with 023 charged Moore with one count of attempted first-degree murder, for which the jury acquitted Moore. *Id.* at pp. 203. In count two of the same indictment, Moore was charged with attempted second-degree murder; he was convicted of this charge. *Id.* In count six of indictment 023, Moore was charged and subsequently convicted of use of a handgun in the commission of a crime of violence. *Id.* Other terms of incarceration were imposed as a result of charges in the indictment ending in 024, but Moore makes no argument regarding those sentences as they were either made concurrent or merged. *See id.* In the indictment ending in 025, Moore was convicted of first-degree burglary. *Id.*

4

When imposing the terms of imprisonment at issue, the trial court made three key statements upon which Moore bases his claims:

1. Count 1, case ending in 23, count 1 was a not guilty finding by the jury.

2. Count 2, that's the attempted murder 2 count, guilty finding, a guideline, 15 to 25 years. The sentence of the court is 25 years.

3. Count 5, use of a handgun in a crime of violence, that's a separate offense. Guideline of 15 to 20, the sentence of the court is 20 years to be served consecutive to the sentence on count 1 with the first five years without parole.

*Id.* at pp. 3-4; *see also* ECF No. 8 at pp. 5-7. Moore claims that because he was acquitted on count 1 and the judge made the 20 year term consecutive to a non-existent sentence, an ambiguity was created and he is entitled to a more lenient sentence as a result. *Id.* He bases his argument for leniency on the holding in *Robinson v. Lee*, 317 Md. 371, 379 (1989), which held that if there is doubt as to the penalty imposed, the law directs that the punishment be construed to favor the milder penalty over a harsher one. *See* ECF No. 8 at p. 8.

Sentence calculation and/or construction issues generally are issues of state law and do not give rise to a federal question. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas corpus court to reexamine state court determinations on state law questions") (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)). Neither an alleged ambiguity over which of a defendant's pre-existing sentences a new sentence is to run consecutive, nor the Maryland requirements for a trial judge to correct announcing mistakes, rise to this level. *See Willeford v.*

*Estelle*, 538 F.2d 1194, 1197 (5th Cir. 1976) (modification by state appellate court of erroneously imposed sentence is matter of state law).

Moore asserts that his sentence is "unlawful and illegal, violating [his] 8th and 14th Amendment rights." ECF No. 8, at p. 11. Moore does not provide any basis for a constitutional claim regarding the sentencing issue and, in fact, the claim relies entirely on Maryland state law precedent. The holding in *Robinson v. Lee* was not based on any constitutional considerations; rather, it relied solely on state law precedent. As such, Moore's claim regarding the legality of his sentence does not present a federal claim and cannot form the basis for federal habeas relief. The petition must be denied.

Having determined that the petition does not state a basis for federal habeas relief, this Court must consider whether it is appropriate to issue a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2).

A separate order follows.

8/26/2013
Date

Paul W. Grimm
United States District Judge